IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | 8:08CV445 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| VICKY L. JOHNSON, in her official | ) | **AND ORDER** |
| capacity as the District Judge of | ) | |
| Nuckolls County, Nebraska, | ) | |
| | ) | |
| Defendant. | ) | |

    The plaintiff filed his Complaint in this matter on October 6, 2008. (Filing No. 1.) The plaintiff has also filed a Motion to Appoint Counsel (filing no. 3) and a Motion for Service of Process (filing no. 4), both of which are pending as of the date of this Memorandum and Order. The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.    SUMMARY OF COMPLAINT**

    The plaintiff filed his Complaint on October 6, 2008, against Nebraska District Judge Vicky L. Johnson. (Filing No. 1 at CM/ECF p. 1.) The plaintiff currently resides in Superior, Nebraska. (*Id*. at CM/ECF p. 2.)

    Condensed and summarized for clarity, the plaintiff alleges that his 2003 plea agreement, and the associated state court judgment in "State of Nebraska v. Richard O. Hansen, case no. CR-03-02," are unconstitutional. (*Id*. at CM/ECF pp. 3, 13.) The plaintiff seeks injunctive relief in the form of a court order that declares the

aforementioned state court judgment "unconstitutional, and . . . void." (*Id*. at CM/ECF p. 13.) In addition, the plaintiff seeks a court order that directs the "state trial court to allow Plaintiff to withdraw his plea of nolo contendere . . . ." (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted)

## III.    DISCUSSION OF CLAIMS

A federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding. In fact, appellate jurisdiction over state court decisions lies exclusively with the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts

do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

Here, the plaintiff asks this court to declare a Nebraska state court judgment unconstitutional and void. (Filing No. 1 at CM/ECF p. 13.) The plaintiff also asks this court to direct the Nebraska state court to allow the plaintiff to withdraw his plea. (*Id*.) As discussed above, this court does not possess jurisdiction to alter or amend a state court's final judgment, nor does it possess authority to exercise appellate jurisdiction over a state court's decision regarding Plaintiff's plea. Thus, the plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. The plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. The plaintiff's Motion to Appoint Counsel (filing no. 3) and the plaintiff's Motion for Service of Process (filing no. 4) are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated December 1, 2008.

> BY THE COURT
> 
> s/ Warren K. Urbom
> United States Senior District Judge